UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1)     BRIAN C. SHOTTS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1)     GEICO GENERAL INSURANCE )<br>COMPANY D/B/A GEICO, )<br>AMONG OTHER NAMES, )<br>)<br>Defendant. ) | Case No.:    CIV-16-1266-R<br>*(formerly Comanche County District Court Case No. CJ-2016-621)* |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, GEICO General Insurance Company ("Defendant"), hereby removes the above-captioned action from the District Court of Comanche County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2(a), a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-3**.

The removal of this case to federal court is based on the following:

### INTRODUCTION

1. Plaintiff, Brian C. Shotts ("Plaintiff"), claims that he was involved in an automobile accident caused by the negligence of a third-party motorist. (*See* Petition, ¶¶ 4 and 5, **EXHIBIT 2**.)

2. Plaintiff claims that as a result of the third-party motorist's negligence, he sustained bodily injury. (*See* Petition, ¶¶ 5 and 7, **EXHIBIT 2**.)

1

3. Plaintiff claims that he notified Defendant of said accident on or before March 16, 2016. (*See* Petition, ¶ 4, EXHIBIT 2.)

4. According to Plaintiff, the value of his claim exceeded the third-party motorist liability limits of $25,000.00. (*See* Petition, ¶ 7, EXHIBIT 2.)

5. According to Plaintiff, Defendant unreasonably evaluated Plaintiff's bodily injury claim; engaged in a biased investigation and evaluation of his claim; unreasonably withheld information from Plaintiff regarding the subject UM/UIM coverage; and, unfairly failed/refused to pay the amounts owed to Plaintiff under the available UM/UIM coverages. (*See generally*, Petition, EXHIBIT 2.)

6. On October 12, 2016, Plaintiff filed this lawsuit asserting claims for breach of contract and bad faith against Defendant. (*See generally,* Petition, ¶ 3, EXHIBIT 2.)

7. By way of the present lawsuit, Plaintiff is seeking damages in excess of $75,000.00. (*See* Petition, p. 3, EXHIBIT 2.)

## COMPLETE DIVERSITY EXISTS

8. "'Federal Courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

9. At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally,* Petition, **EXHIBIT 2**.)

10. However, as of the moment Plaintiff filed his Petition, diversity jurisdiction existed. As shown below, pursuant to 28 U.S.C. § 1332(a)(2), this is a civil action over which this Court has original jurisdiction. Specifically, this case is between citizens of different states and the amount in controversy exceeds that required for diversity jurisdiction.

11. Upon information and belief, at the time of filing, the relevant time period, Plaintiff was a citizen and resident of the State of Oklahoma. (*See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating the jurisdiction depends upon the state of things at the time of filing). Plaintiff was not a citizen of the State of Maryland or Washington, D.C. (*See* Declarations Page, GEICO General Insurance Company Policy No. 4000-64-58-22, **EXHIBIT 4**.)

12. For purposes of removal under 28 U.S.C. 1441, a corporation shall be deemed to be a citizen of any state by which it has been incorporated in and the state where is has its principal place of business. 28 U.S.C. § 1332(c). While Congress did not define "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "never center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

13. At the time of filing, Defendant was a foreign corporation, incorporated under the laws of the State of Maryland with its "nerve center" or "principal place of business" in

3

Washington, D.C.  (*See* NAIC Company Demographics for GEICO General Insurance Company, attached as **EXHIBIT 5**.)  Defendant was not a citizen of the State of Oklahoma.

14. As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

15. Diversity jurisdiction also requires that the removing party demonstrate the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the present case, this requirement is also met.

16. The Tenth Circuit Court of Appeals has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiff is seeking damages in excess of $75,000.00.

17. Specifically, "Plaintiff prays for judgment against Defendant in an amount greater than $75,000.00, plus interest, costs and other such and further relief as the Court deems just and proper." (Petition, p. 3, **EXHIBIT 2**.)

18. Therefore, based upon the foregoing, the amount in controversy requirement is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with the Court.  On or about October 18, 2016, Plaintiff, pursuant to 36 O.S. § 621(b), served Defendant, through the Oklahoma Insurance Commissioner, with the Summons and Petition.

(*See* Transmittal Letter from the Oklahoma Insurance Commissioner, dated October 18, 2016, **Exhibit 6**; Summons, received by the Oklahoma Department of Insurance's Legal Division on October 18, 2016, **Exhibit 3**.) As such, it has not been thirty (30) days since Defendant was served with this lawsuit.

20. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See generally*, Petition, filed on October 12, 2016, **Exhibit 2**.)

21. This case has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court in and for Comanche County, State of Oklahoma. The Western District of Oklahoma includes the County of Comanche. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

22. Pursuant to 28 U.S.C. § 1446(d), Defendant will serve written notice of the filing of this Notice of Removal upon Plaintiff. Defendant will also promptly file a copy of the Notice of Removal with the Clerk of the District Court in and for Comanche County, State of Oklahoma.

WHEREFORE, the Defendant, GEICO General Insurance Company, removes this action from the District Court in and for Comanche County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully Submitted,

s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:  405-606-3333
Facsimile:  405-606-3334
**ATTORNEYS FOR DEFENDANT,
GEICO GENERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Clifton D. Naifeh, Esquire

I hereby certify that on November 3, 2016, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

Mr. Robert Morales
Comanche County Court Clerk
Comanche County Courthouse
315 Southwest 5th Street
Lawton, Oklahoma 73501-4327

s/ Erin J. Rooney
For the firm