IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRIAN C. SHOTTS, )
)
      Plaintiff, )
)
v. ) Case No. CIV-16-1266-R
)
GEICO GENERAL INSURANCE )
COMPANY D/B/A GEICO, )
AMONG OTHER NAMES, )
)
      Defendant. )

**ORDER**

Before the Court on Plaintiff's Motion to Compel (Doc. No. 18) to which Defendant has filed a response in opposition (Doc. No. 23). Plaintiff filed a reply and supplemental reply in support of his position and to clarify which issues remain for consideration after additional discussions between counsel. (Doc. Nos. 30, 32). Having considered the parties' submissions, the Court finds as follows.

Federal Rule of Civil Procedure 26 governs the instant discovery motion. Rule 26(b) provides in relevant part that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

When requested discovery appears relevant, the party objecting to production has the burden of establishing the lack of relevance by demonstrating that the request falls outside

the scope set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Barton v. Tomacek*, 2012 WL 4735927, *4 (N.D. Okla. Oct. 3, 2012). Objections to discovery requests must be stated with specificity; mere boilerplate objections or the familiar litany of "overly broad, vague or burdensome," without more, is not sufficient. *Leisure Hospitality, Inc. v. Hunt Properties, Inc.*, 2010 WL 3522444, * 3 (N.D.Okla. Sept. 8, 2010); *Wyatt v. ADT Sec. Services, Inc.*, 2011 WL 1990473, *2 n. 1 (N.D.Okla. May 23, 2011).

With Rule 26 as the backdrop the court considers the discovery requests, which Plaintiff contends relate to his attempt to recover from Defendant under a theory of bad faith. His claim is premised on Defendant's failure to provide payment in the amount Plaintiff believes appropriate for an underinsured motorist claim. Plaintiff sought discovery on a variety of topics related to the claims process, including training and compensation of claims adjusters, and Defendant objected thereto. As a result, Plaintiff filed the instant motion, requesting that the Court compel Defendant to provide the following information:

> Request for Production No. 2: Produce all automobile bodily injury claims procedure training documents or manuals however named or maintained whether paper, electronic or digital format for Defendant applicable to UM/UIM claims in Oklahoma in existence June 14, 2013, up to the date of the filing of this subject lawsuit.
>
> Request for Production No. 9: Produce a copy of all rules, regulations or standards, whether written, electronic or otherwise, provided to Defendant's claims handlers relative to handling UM/UIM claims, in existence and used by you, from June 14, 2013, to the present.

Defendant contends the information sought by Requests for Production Nos. 2 and 9 is not

2

relevant, because the issue in this case is not whether Defendant violated its own policies and procedures, but rather whether it violated a duty owed to Plaintiff as a result of the contract between the two, that is the insurance policy. Defendant has apparently produced the table of contents for the "Claims Manual" and "Claims IQ Training Materials, Chapter 16." Plaintiff contends he has not yet received additional training materials responsive to these two requests.

The Court hereby GRANTS the Motion to Compel as it relates to Requests for Production 2 and 9, although responses to Request No. 9 may be limited to the period between June 14, 2013 and the date of the filing of this suit rather than the present day. Although Defendant disputes the relevancy of such information, the Court disagrees and finds Plaintiff entitled to production in accordance with his request.[1]

Request for Production No. 8 requested that Defendant produce "copies of any and all documents as defined regarding incentives (financial or otherwise) to those claims personnel involved herein at any and all levels of the Defendant's organization during the time period of June 14, 2013, to the present." To the extent Defendant objected on the basis of attorney-client privilege, it provided no disclosure as required by Rule 26(b)(5)(A) of "the nature of the documents, communications, or tangible things not produced or disclosed." The Court finds Defendant has failed to preserve the privilege by failing to fulfill this mandate. Furthermore, the Court finds that information regarding bonus payments and incentives is relevant and subject to discovery.[2] The Court finds, however,

---

[1] If Defendant has produced all responsive documents it should clearly indicate such to Plaintiff.
[2] Defendant contends that both the primary adjuster and her supervisor testified in deposition that there were no incentive-based bonuses. Because Defendant did not respond to the Request for Production by indicating that no

3

that the only relevant persons with regard to Request for Production No. 8 are Ms. Sigler and Ms. Hensley and that the time is limited to June 14, 2013 through the filing of this case not the present day as requested by Plaintiff.

In Request for Production No. 3, Plaintiff sought the personnel files of any personnel or agent of the Defendant involved in Plaintiff's UM/UIM claim including training, bonuses, financial incentives, goals, memos, correspondence, disciplinary actions and training tests and scores. Defendant objects on the grounds of relevance and proportionality. Given that it appears there were two employees, Larissa Henley and Carrie Sigler, involved in adjusting Mr. Shotts' claim, the Court finds the proportionality argument not well taken. Furthermore, the Court finds that the personnel records of these two women are relevant as they relate to background, qualifications, training, and job performance, and the materials should be produced subject to the September 11, 2017 protective order entered by the Court.[3]

In Request for Production No. 11 the Plaintiff sought information on pricing and underwriting of UM/UIM coverage in Oklahoma with regard to single vehicle policies. Plaintiff contends he may be entitled to stacking on his multi-vehicle policy because although there is only a single premium listed for his UM/UIM coverage on his multi-vehicle policy, it may be that he was charged more for such coverage due to having multiple vehicles. In *Spears v. Glens Falls Ins. Co.*, 114 P.3d 448 (Okla. 2005), the court considered whether pre-policy notification that stacking of UM/UIM insurance was prohibited by the

---

responsive documents exist, the Court assumes there are documents relevant to bonus pay. The Court further finds the documents are reasonably calculated to lead to the discovery of relevant evidence.

[3] Defendant has produced portions of Ms. Henley's personnel file.

policy was required. The policy involved therein covered three vehicles, a single premium was charged for UM/UIM and the inclusion of multiple vehicles under the UM/UIM coverage did not alter the premium or result in increased charges. In the instant case Plaintiff seeks information about whether the cost of UM/UIM coverage varied based on whether the policy covered more than one vehicle. The Court finds that Plaintiff is entitled to this information. However, Request for Production No. 11 seeks much broader information and information that Plaintiff has not established as relevant to the inquiry of whether stacking of UM/UIM coverage is available. Defendant is hereby ordered to provide Plaintiff with the price of single vehicle UM/UIM coverage during the relevant time frame and documentation to support the same. It need, not, however, provide underwriting or pricing guidelines for such.

> Finally, In Request for Production No. 12, Plaintiff requests that Defendant:
>
> Produce a copy of the agreement by which GEICO shares in the service cost of underwriting, claims, actuarial, policies processing, tax, legal, investment, information technology, advertising, accounting, administrative, management, and customer support in proportion to each affiliate's use.

The Court finds that Plaintiff has not established that he is entitled to a copy of an agreement, which extends beyond the scope of what is relevant at this juncture. Furthermore the Court concludes that given the unique schedule in this case, that is that dispositive motions are due on November 29, 2017 but trial will not commence until the June 12, 2018 trial docket, that should Plaintiff avoid summary judgment, the Court may permit additional discovery limited to the issue of Defendant's financial resources and whether Plaintiff is entitled to discovery of information related to entities other than Geico

General Insurance Company, the named Defendant herein.

For the reasons set forth herein, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART. Defendant shall provide responses and responsive documents as set forth above within fifteen days of entry of this Order.

IT IS SO ORDERED this 17th day of October 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE